```
                    United States District Court
                      District of Massachusetts
 _____
                                )
BRANDEN E. MATTIER,             )
                                )
        Plaintiff,              )
                                )
        v.                      )
                                )     Civil Action No.
MASSACHUSETTS STATE POLICE,     )     13-13245-NMG
JOHN F. BANIK,                  )
FEDERAL EXPRESS and             )
STEPHEN GREENE,                 )
                                )
        Defendants.             )
 _____ )
```

**MEMORANDUM AND ORDER**

**GORTON, J.**

This case arises from the arrest of plaintiff Branden Mattier ("Mattier") for his attempt to defraud The One Fund, a charitable organization formed to compensate victims of the April, 2013 Boston Marathon bombings. Mattier was subsequently convicted of the crime.

Plaintiff alleges that defendants Massachusetts State Police ("State Police"), state police officer John Banik ("Officer Banik"), Federal Express ("FedEx") and FedEx employee Stephen Greene ("Greene"), in their coordinated arrest of plaintiff for his attempted fraud, collectively and individually conspired to violate plaintiff's constitutional and civil rights

-1-

recognized under 42 U.S.C. § 1983, 42 U.S.C § 1985(3) and 18 U.S.C. § 241.

Pending before the Court are motions to dismiss filed by defendants FedEx and the State Police. For the reasons that follow, both motions will be allowed.

## I. Background

After an investigation revealed that Mattier was attempting to defraud The One Fund Boston, the State Police planned and carried out a procedure for his arrest. In July, 2013, at the direction of the State Police, FedEx courier Stephen Greene delivered, and plaintiff signed for, a document that indicated that a check in the amount of $2,194,000 from the One Fund Boston would be delivered to the plaintiff on the following day.

The next day, Officer Banik, posing as a FedEx delivery driver, delivered the purported check. Upon signing for the package, plaintiff was arrested for fraud and for attempting to defraud the One Fund Boston. He was subsequently tried and convicted after a four-day jury trial in the Massachusetts Superior Court for Suffolk County. In June, 2014 he was sentenced to three years of incarceration.

### A. Procedural history

Plaintiff filed his complaint in this case in December, 2013. In April, 2014, defendant Banik moved to stay the case pending resolution of the criminal case. In July, 2014,

plaintiff filed a motion to vacate the stay on the grounds that the state criminal proceeding had been resolved. This Court entered an order in December, 2014 finding both the motion to stay and the motion to vacate moot.

Meanwhile, plaintiff filed an amended complaint, adding a previously unnamed defendant, Stephen Greene, the FedEx employee who delivered the initial package to plaintiff, and defendants State Police and FedEx filed their motions to dismiss.

In October, 2014, a summons was issued to defendant Greene. That summons was, however, returned unexecuted. In December, 2014, the Court allowed plaintiff's motion to serve summons on Greene at a new address. As of early February, 2015, that new summons had not been served on Mr. Greene.

## II. Motions to dismiss by defendants FedEx and State Police

### A. Legal standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). The Court, however, need not accept legal conclusions as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the

legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**B. Application**

**1. 42 U.S.C § 1983**

Section 1983 of Title 42 of the United States Code provides for a private cause of action against those who, under color of state law, deprive another of federal and Constitutional rights. There are two key elements necessary for a successful claim under § 1983:

> first, appellants must demonstrate that they were denied some right secured by the Constitution and laws of the United States and, second, they must show that appellees deprived them of this right while acting under color of state law.

Rodriguez-Garcia v. Davila, 904 F.2d 90, 94 (1st Cir. 1990) (internal quotations omitted).

Plaintiff contends that FedEx conspired with state officials to violate his constitutional and civil rights leading to his arrest. Specifically, he asserts that 1) defendants collectively or individually violated his constitutional and

-4-

civil rights, 2) Officer Banik conspired with FedEx and violated his right to be free from unreasonable seizure and 3) defendants violated his right to equal protection under the law.

Plaintiff, however, fails to make factual allegations to support his claim that Officer Banik and FedEx illegally seized him or that his ultimate arrest by the State Police was unreasonable. He also fails to allege which of his rights were denied or what actions by defendants denied him of those rights. Taking all factual allegations made in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the Court concludes that plaintiff has failed to allege sufficiently that he was denied a right "secured by the Constitution and laws." 42 U.S.C. § 1983.

Moreover, plaintiff's claim against FedEx does not satisfy the second prong of the Rodriguez-Garcia test because the complaint fails to allege that the acts of FedEx were taken under color of state law. See Ponce v. Basketball Fed'n of P.R., 760 F.2d 375 (1st Cir. 1985).

Accordingly, the motions to dismiss by FedEx and State Police will be allowed with respect to plaintiff's § 1983 claims.

### 2. 42 U.S.C § 1985(3)

Plaintiff contends that the defendants collectively or individually conspired to deny him equal protection of the laws, as guaranteed by 42 U.S.C. § 1985(3).

To state a claim under § 1985(3), a plaintiff must allege the existence of 1) a conspiracy, 2) a conspiratorial purpose to deprive a person or class of persons of the equal protection of the laws, 3) an overt act in furtherance of the conspiracy, 4) an injury or deprivation of a constitutionally protected right and 5) conspiratorial conduct propelled by some racial or class-based discriminatory animus. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Plaintiff does not allege that the events leading up to his arrest were in any way related to his membership in any class. There are also no reasonable inferences that can be drawn from plaintiff's allegations that the challenged actions of defendants were taken because of plaintiff's membership in any recognizable class. Accordingly, the defendants' motions to dismiss will be allowed with respect to plaintiff's claims under 42 U.S.C. § 1985(3).

### 3. 18 U.S.C. § 241

Plaintiff contends that he is entitled to recover for civil rights violations under 18 U.S.C. § 241. However, that criminal statute does not provide for a civil cause of action. As the First Circuit Court of Appeals has explained,

> [o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)...These statutes do not give rise to a civil action for damages.

Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (internal citations omitted). Defendants' motions to dismiss will therefore be allowed with respect to plaintiff's 18 U.S.C. § 241 claims.

### ORDER

For the foregoing reasons,

1) the motion to dismiss filed by Federal Express (Docket No. 16) is **ALLOWED;** and

2) the motion to dismiss filed by the Massachusetts State Police (Docket No. 23) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 6, 2015